Virginia:

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Roanoke Division

ISAW WALEED BLAKE,

        Plaintiff,

V.                        Case No. 7:23cv00381

MR. HOLLOWAY, et al.

        Defendants.

PLAINTIFF RESPONSE TO
DEFENDANTS MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM

COMES NOW Plaintiff, in response to Defendants Motion to Dismiss.

Claim One:

Defendants, T. Joseph, David Bogle, Justin Salyers, Bobby J. Dye, Dusty L. Cline, Erwin C. Browning, J. Edmonds, Cody R. McBride, Roger Hylton all HOG TIED the Plaintiff,

Then acted as a Unit by Maliciously Carrying Plaintiff over 50 yards to RHU then engaged in assaulting Plaintiff by Kicking and Punching the Plaintiff in his face and head while Plaintiff laid on a Semen covered shower floor Violating Plaintiffs' Eighth Amendment of the United States Constitution, on 9/13/2022. (See Exhibit: F)

Pursuant to Plaintiffs origional complaint, chapter "Excessive Use Of Force", Paragraph 47., Defendant Jeremy Kennines sprayed Plaintiff in his face with OC spray while Plaintiff was being choked as Plaintiff laid flat on the Top Tier Violating Plaintiffs' Eighth Amendment of the United States Constitution, on 9/13/2022.

IN RESPONSE TO DEFENDANTS "ARGUMENT.";
Claim I.² Plaintiff's Eighth Amendment Claims For Excessive Use Of Force and Deliberate Indifference

While Plaintiff was Hog Tied, and being carried to RHU., the Plaintiff was being punched in his groins and his fingers were being bent, Violating Plaintiffs Eighth Amendment of the United States Constitution, on 9/13/2022.

2

## Failure To Respond Reasonably

Defendant Tikki Hicks approached the window of the Plaintiff's cell in RHU where Plaintiff laid in 5 point restraint, suffering from his life threatening injuries. Defendant Tikki Hicks only staired while Plaintiff asked for help because Plaintiff had trouble breathing (Exhibit: K) Defendant Tikki Hicks did not order her staff to escort Plaintiff to an emergancy room Violating Plaintiff's Fourteenth Amendment of the United States Constitution, on 9/13/2022.

Defendant David A. Lee failed to Stop Or Curb the assault by his staff while the Plaintiff was on the Shower floor being kicked in his Rib Cage by Defendant David Boyle showing a deliberately Indifferent Violating both Plaintiff's Eighth Amendment and Fourteenth Amendment of the United States Constitution, on 9/13/2022.

Defendant Cordie failed to document/record Plaintiff's life threatening injuries or provide medical treatment for Plaintiff Violating Plaintiff's Fourteenth Amendment of the United States Constitution on 9/13/2022. (Exhibits: I, J, 1)

3

Defendants J. Wagner and H.E., Johnson were both complicit in the 9/13/2022 Use of excessive force assault; by omitting inmate(s) witness statements. Statements in which would have exonerated me of Defendant Sagady, T., false disciplinary report and both institutional and Criminal charge. Therefore by Defendant(s) J. Wagner and H.E., Johnson engaging in Misleading Conduct towards the Plaintiffs' well being with the Intent To hinder, delay or prevent the information relating to the Commission or possible Commission of a federal offense, Violating both Plaintiff's Eighth and Fourteenth Amendments of the United States Constitution on 9/13/2022, § 16 (Exhibits; X

Defendant J. Lawson is liable for failure to adequately supervise violating Plaintiff's fourteenth Amendment of the United States Constitution on 9/13/2022.

      DEFENDANTS RECITATIONS, on Page 3,
      PARAGRAPH 1, CHAPTER (Argument) States...

(On 9/13/2022, Plaintiff was escorted to the RHU. Once there, he was assaulted in the shower by several Defendants. ~ (Exhibit: F)

4

Defendant Tikki Hicks looked through the Plaintiff's cell window at the Plaintiff while Plaintiff laid in 5 point restraint after the Plaintiff was assaulted; not to help but to order Plaintiff to be transfered to WRSP, rather than transfer Plaintiff to an emergency room. (Exhibit: F)

Defendant Cordie after seeing Plaintiffs' injuries while checking Plaintiffs' restraints and taking Plaintiff Vitals did not record Plaintiffs' injuries (See Exhibits: 1, I, J) Or send Plaintiffs' to the emergency room.

Defendant J. Wagner investigated the assault and, omitted inmate(s) Witness statements in Bravo Pod in referance to the excessive use of force used against Plaintiff on 9/13/2022. And Stating No Video of incident under investigation due to assault occuring inside the cell which is false. (See camera footage)

<u>DEFENDANT; ASSISTANT CHIEF J. LAWSON</u>

According to Defendant Claim(s),

Defendant J. Lawson failure to intervene to prevent,

5

another law enforcement official from obstructing justice by filing or making false statements and omitting statements; United States V. Serrata, 425 F.3d 886, 897 (10th Cir. 2005) ("Proving a violation of 1512(b)(3) do not depend on the existence of imminency of a federal investigation but rather on the possible existence of a federal crime and the defendant's intention. (See Exhibits:

Defendant H.W., Clarke is liable for not acting after Plaintiff drafted written Memo's/letters to him, and exhausted his remedies on Grievance Procedures (See Exhibits: S, T)(Exhibits: C, D)

Defendant G. Holloway is also liable for not acting after Plaintiff drafted written Memo's/letters to him and exhausted his remedies on Grievance Procedures (See Exhibits: S, T)(Exhibits: C, D)

Defendant H.W., Clarke was actively or constructively aware of a pervasive, unreasonable risk of harm from Plaintiffs written letters and Grievances... Defendant H.W., Clarke authorized and investigation, and because of Supervisor's Deliberately Indifferent inacted to a constitutional injury (Exhibits: S, T)(Exhibits: C, D)

6

## DEFENDANTS TIKKI HICKS, CORDIE, DAVID A. LEE

Defendant Tikki Hicks was aware of Plaintiffs danger on ??? Defendant Tikki Hicks also was place on notice with memo's/letters drafted by Plaintiff. (See Exhibits: 10/3/2023 (WRSP) staff distroyed my legal Mail/Exhibits)

Defendant Cordie did in fact check the Plaintiff. Defendant Cordie checked the Plaintiff in spite of Plaintiffs life threatening injuries. (Exhibits: 1, I, J)

Defendant David A. Lee did in fact stand by to watch Defendant David Bogle kick Plaintiff in his Rib Cage, United States v. Velasco, 855 F.3d 691, 692-93 (5th Cir. 2017) United States v. Steele 550 F.3d 693, 699 (8th Cir. 2008)., David Bogle; Defendant, kicked Plaintiff with his work boots (See Exhibit(s): G) While David A. Lee; Defendant, Watched. Constituted a Eighth Amendment Violation. United States v. Oliver, 278 F.3d 1035, 1043 (10th Cir. 2001). Defendant David A. Lee has a concomitant constitutional duty to protect Plaintiff from such harm. Hudson v. McMillian, 503 U.S. 1, 5, 12, 117 L. Ed. 2d 156, 112 S. Ct. 995 (1992)** 21.

7

The Plaintiff Stated the severity of the Kicking to his face, head and Rib Cage. Plaintiff has documentation proven his allegations to be true (See Exhibits: F,G)

DEFENDANTS T. JOSEPH, DAVID BOGLE, JEREMY REMINES, JUSTIN SALYERS, BOBBY J. DYE, DUSTY L. CLINE, ERWIN C. BROWNING, CODY R. McBRIDE, and ROGER HYLTON

The Plaintiff not failure to state factual facts that he was assaulted by staff at PSCC.(Exhibit: F) The Plaintiff stated that Defendant David Bogle ordered all the Defendants to enter the shower in order to kick and Punch the Plaintiff.

Plaintiff does not know for a fact which Defendant caused the most harm, as to who hit or kicked him the hardest. The Plaintiff Pleads that every Defendant, T. Joseph, David Bogle, Jeremy Remines, Justin Salyers, Bobby J. Dye, Dusty L. Cline, Erwin C. Browning, Cody R. McBride and Roger Hylton all acted as a unit,

8

to assault me on the shower floor. (Exhibits: F, G)

### DEFENDANT WAGNE and H.E., JOHNSON

The Plaintiff pleads that it is because of Defendant J.~Wagner failure to investigate; Not an Complaint Or an Grievance but the assault against the Plaintiff Violating Plaintiff's Fourteenth Amendment.

The Plaintiff also pleads that it is also because of Defendant H.E., Johnson failure to investigate; Not an Complaint or an Grievance but the assault against the Plaintiff Violating Plaintiff's Fourteenth Amendment.

### DEFENDANTS SUED IN THEIR OFFICIAL CAPACITIES

During the events the Plaintiff described All the Defendants had acted, and continued to act, under Color of state law at all times relevant to Plaintiff facts in his Complaint.

Wherefore, Plaintiff respectfully request this Court grant the Plaintiffs' Motion and dismiss the Defendants Motion to dismiss for failure to State Claim.

                              Respectfully Submitted,

            1106405 # Isaw Waleed Blake
                   Wallens Ridge State Prison
                   272 Dogwood Drive
                   Big Stone Gap, Va 24219

Signature: Isaw Blake
Date: 12/26/2023

I Blake    1106405

**WALLENS RIDGE STATE PRISON**
**P.O. BOX 759**
**BIG STONE GAP VA 24219**

United
Office
210 Fra
Roanoke

Place Motion in Front



States District Court
of the Clerk
nklin Rd  Rm 540
 VA  24011

Received
Wallens Ridge
DEC 29 2023
State Prison

of the stack