Virginia:

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ISAW WALEED BLAKE.

    Plaintiff

V.                        Civil Action No.: 7:23cv00381

Mr. HOLLOWAY et al.

    Defendants.

Plaintiffs' Response To Defendants Motion To Dismiss For Failure To State A Claim

The Plaintiff, Isaw Waleed Blake, an inmate housed in the Virginia Department of Corrections has filed this Action pursuant to 42 U.S.C. § 1983 displaying factual Claims of Violations of his Constitutional rights under the 1st, 8th, and 14th Amendments.

Generally Plaintiff states the following Claims:

1

Claim 1:

Defendants, Sargent T. Joseph, Justin Saylers, Bobby J. Dye, Dusty L. Cline, Erwin C. Browning, J. Edmonds, Cody R. McBride, Roger Hylton and Jeremy Remines all acted in their own individual and official capacities, as one unit all together in order to engage in a assault on Plaintiff, by kicking the Plaintiff in his face and head causing life threatening injuries to Plaintiff as well as punched. Plaintiff does not know which Defendant punched or kicked him the hardes or who caused the most harm with their work boots therefore each Defendant Violated Plaintiffs Eighth Amendment of the United States Constitution, and 18 U.S.C.S. § 242. (Also See Exhibits: E, F, I) under color of law.

Defendant Tikki Hicks in her own individual and official capacities under color of law failed to act, upon notice of Plaintiffs life threatening injuries, the moment Defendant Tikki Hicks viewed the Plaintiff through the window in RHU where the Plaintiff laid in 5 point restraint, suffering through life threatening injuries and chemical agent violating Plaintiffs Eighth Amendment of the United States Constitution, and 18 U.S.C. § 242 & 241, under color of Law. (See Exhibits: E, I, K, N) & (See Exhibit: IB A-14)

2

Defendant David A. Lee showed a deliberate indifferent against Plaintiff towards his staff/Defendants Sargent T. Joseph, David Bogle, Justin Salyers, Bobby J. Dye, Dusty L. Cline, Erwin C. Browning, J. Edmonds, Cody R. McBride, Roger Hylton, and Jeremy Remines by failing to intervene, stop or even curb the assault on/against the Plaintiff as the Plaintiff laid on the shower floor being kicked and punched Violating Plaintiffs' Eighth Amendment of the United States Constitution, and 18 U.S.C. §242, under Color of Law.

Defendant Cordle by failure to document Plaintiffs life threatening injuries or to act upon notice of Plaintiffs life threatening injuries then provide the proper medical treatment Violating Plaintiffs' Eighth Amendment of the United States Constitution, and 18 U.S.C. §242, Under Color of Law.

Defendant J. Wagner in his official and individual capacities was complicit to the cover up of the investigating of the assault against the Plaintiff by omitting inmates statements from B2-Pod at Pocahontas State Correctional Center regarding said assault Violating Plaintiffs' Fourteenth Amendment of the United States Constitution, and 18 U.S.C. §241 & 242, under color of Law. (See Exhibits: A-1; A-2; A-3

3

Defendant H.E. Johnson in his official and individual Capacities was complicit to covering up the said investigation of the assault against Plaintiff by omitting inmates statements in regards to said assault violating Plaintiffs' Fourteenth Amendment of the United States Constitution, and 18 U.S.C. § 241 & 242, under color of Law. (See Exhibit: B-1; B-2; B-3; A-13)

Defendant J. Lawson is complicit under supervisory liability therefore Plaintiff states the following:

1) The Plaintiffs claims are drastically meritious especially in light of law. (See Exhibit: A-1; A-2)

2) Defendant J. Lawson is complicit to said assault because there has already been a spoilation of which is the Video Camera footage of the Excessive Use Of Force, inside where the Plaintiff was victimized by the Named Defendants on page (2). (See Exhibit: A-1; A-2)

3) Defendant J. Lawson Stated in the "Incident Narratives" page (2) Chapter 3.1., "NO VIDEO FOOTAGE OF THE INCIDENT UNDER INVESTIGATION WAS AVAILABLE DUE TO THE ALLEGED ASSAULT OCCURRING (INSIDE THE CELL). Violating Plaintiffs' Fourteenth Amendment of the United States Constitution.

4) (See Original Narrative by Defendant J. Wagner and Institutional Incident Reports), in violation of 18 U.S.C. § 241 & 242, under color of Law. (See Exhibit: A-1; A-2)

Defendant Clarke in his individual and official capacities under the color of law, violated Plaintiffs Fourteenth Amendment of the United States Constitution when he; One, Deliberately ignored Plaintiffs written letters as well as phone calls and Memo's from Plaintiffs father explaining the detailed, caculated assault (See Exhibits: S & T) Two, Defendant Clarke Did Nothing upon notice of a pervasive unreasonable risk of harm and Three, Defendant Clarke violated Plaintiffs' Fourteenth Amendment by the United States Constitution and 18 U.S.C. §241 for deliberate indifferent toward Plaintiffs' Due Process Violation and obstruction of Justis.

Defendant Holloway in his individual and official capacities under the color of law. Defendant Holloway violated Plaintiffs' Fourteenth Amendment of the United States Constitution relying on the same legal principles above. (See Exhibits: S and T) and 18 U.S.C. §241).

Defendant David Bogle in his individual and official capacities Violate Plaintiffs' Eighth Amendment of the United States Constitution under the color of law when he furthered his assault on the Plaintiff by kicking the Plaintiff in his rib cage then resting his work boot on Plaintiffs' head while Plaintiff laid on the shower Floor handcuffed and shackled. (See Exhibits: F; I; G)

## Conclusion

### DEFENDANTS SUED IN THEIR OFFICIAL CAPACITIES

1. Defendant Sargent T. Joseph acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution. (See Exhibit: A-3.1; F; I; G)

2. Defendant Justin Saylers acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution. (See Exhibit: F, I)

3. Defendant Bobby J. Dye acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution. (See Exhibit: F, I)

6

4) Defendant Dusty L. Cline acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiff's Eighth Amendment of the United States Constitution.
(see Exhibit: F; I)

5) Defendant Erwin C. Browning acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution.
(See Exhibit: F; I)

6) Defendant J. Edmonds acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution.
(See Exhibit: F; I)

7) Defendant Cody R. McBride acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution.
(See Exhibit: F; I)

8) Defendant Roger Hylton acted in his own individual and official capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022;
(See Exhibit: F; I)

7

Violating Plaintiffs Eighth Amendment of the United States Constitution.

9. And Defendant Jeremy Remines acted in his own individual and official Capacities under color of law to assault the Plaintiff inside the shower in RHU on 9/13/2022 Violating Plaintiffs' Eighth Amendment of the United States Constitution. (See Exhibit: E; I)

Each and every one of the named Defendants above 1-9, Made False Reports Violating 18 U.S.C. § 242 "prohibits a person acting "Under color of any law, statute ordinance, regulation, or custom, To willfully subject any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, Privileges, or immunities secured or protected by the Constitution or laws of the United States."

The Four **necessary** elements to prove the deprivation of rights under § 242, are:

One, The Defendants whose Motion to Dismiss you are considering, deprived the Plaintiff of a right which is secured or protected by the Constitution of the United ~

8

States; namely the right not to be subjected to cruel and unusual punishment; Two, The Defendants acted all together as One Unit, willfully to deprive Plaintiff of such right; Three, The Defendants all acted under the color of law; and Four, The Plaintiff suffered bodily injuries as a result of the Defendants Conduct.

1. Defendant Tikki Hicks acted in her own individual and official capacities under color of law and failed to act upon notice of Plaintiffs life threatening injuries on 9/13/2022 Violating Plaintiffs' Eighth & Fourteenth Amendment of the United States Constitution, and 18 U.S.C. § 242, 241. (See Exhibit: F; I; K; N) & (Also See Exhibit: A-14)

2. Defendant David A. Lee acted in his own individual and official capacities under color of law and failed to act intervene, stop or even curb the assault on/against the Plaintiff on the floor inside the shower on 9/13/2022 Violating Plaintiffs' Eighth & Fourteenth Amendment of the United States Constitution, and 18 U.S.C. § 242, 241. (See Exhibit: F; I; K; N)

3. Defendant Cordie acted in her own individual and official capacities under color of law yet failed to document Plaintiffs' life threatening injuries;

or to act upon notice of Plaintiffs' life threatening injuries and provide the proper Medical Aid therefore Violating Plaintiff's Eighth Amendment of the United States Constitution and Fourteenth Amendment and 18 U.S.C. § 242; 241. (See Exhibit: F; I; K; N)

4) Defendant J. Wagner acted in his individual and official Capacities under color of law on 9/13/2022 when he was Complicit to the Cover up of the investigation of the assault against the Plaintiff by omitting inmates Statements from B2-Pod at PSCC regarding said assault and obstructing Justis by Making/Filing false Reports against Plaintiff Violating Plaintiff's Fourteenth and Eighth Amendment of the United States Constitution and 18 U.S.C. § 241; 242. (See Exhibits: A-1; A-2; B-2; A-12

5) Defendant H.E., Johnson acted in his individual and official Capacities under Color of law on 9/13/2022 was Complicit to the Cover up of said investigation of the assault against Plaintiff by omitting inmates Statements in regards to said assault on B2-Pod at PSCC and obstructiong Justis by Making/Filing false Reports against Plaintiff, (See Exhibits: B-1; B-2; B-3) (Also see Exhibit: A-13)

Violating Plaintiff Fourteenth and Eighth Amendment of the United States Constitution and 18 U.S.C. § 241; 242.

6. Defendant J. Lawson acted in his individual and official Capacities under color of law on 9/13/2022 was Complicit to said assault. In fact Defendant J. Lawson is the reason for said Spoilation of the peaceful transaction of the Video Camera footage of the Excessive Use Of Force, inside where the Plaintiff was Victimized by the named Defendants on page (2), Violating Plaintiffs Fourteenth and Eighth Amendment of the United States Constitution and 18 U.S.C. § 241; 242. (See Exhibits: A-1; A-2; A-3; F)

7. Defendant Clarke acted in his individual and official Capacities under color of law on October 8, 2022 when he showed a deliberate indifferent toward Plaintiff's and his fathers attempt's to contact him via phone and Written Complaints/letters Violating Plaintiffs Fourteenth Amendment of the United States Constitution and 18 U.S.C. § 241. (See Exhibit: S; T)

11

8 Defendant Holloway acted in his individual and official capacities under color of law on October 8, 2022 when he showed a deliberate indifferent toward Plaintiff and his fathers attempts to contact him via phone and written complaints/letters violating Plaintiffs' Fourteenth Amendment of the United States Constitution and 18 U.S.C. § 241. (See Exhibit: S; T)

Each and every one of the named Defendants above 1-8 are in Violation of Conspiracy Against Rights 18 U.S.C. § 241; prohibits two or more people from conspiring "to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilage secured to him by the Constitution or laws of the United States, or because of his race or religion having so exercised the same." After the above mentioned, there are four necessary elements in order to prove Conspiracy.

One, The Defendants whose Motion to Dismiss you are considering, entered into a Conspiracy with One or More persons to injure, Oppress, threaten or intimidate the Plaintiff.

12

Two; The Conspiracy was directed at the deprivation of a right which is secured or protected by the Constitution or laws of the United States, here, the right not to be subjected to cruel and unusual punishment. Three; The Defendants acted willfully to deprive the Plaintiff of such right, and Four; The Defendants acted under color of law.

The Plaintiff respectfully state, that if you should find from your consideration of all the evidence as to each defendant that any of these elements has not been proved.... beyond a reasonable doubt, then you should find in favor of the Defendants.

Wherefore, Plaintiff respectfully request that this court acknowledge Plaintiffs effort in his attempts to litigate his Civil proceedings having no lawyer and no knowledge at all and very little time to research.
Plaintiff ask that this Court Deny Defendants Motion to Dismiss and grant/rule in Plaintiffs favor.

Respectfully Submitted     Isaac W Blake
Isaac Blake #1106405     Wallens Ridge State Prison
Date: 1/10/2024     272 Dogwood Drive
Signature:     Big Stone Gap, VA 24219
Date: